From: 07/05/2012 11:31 #814 P.003/007

JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 5213

David J. Klein, Esq. (DK9675)
BRACH EICHLER L.L.C.
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiff, Jane Kurtin




| | |
|---|---|
| JANE KURTIN,<br><br>Plaintiff,<br><br>vs.<br><br>R. RANDY LEE, EILEEN T. LEE, JENNIFER A. LEE, MICHELLE B. LEE, and SISTERS, LLC<br><br>Defendants. | CIVIL ACTION NO.: |

Plaintiff, Jane Kurtin ("Plaintiff") hereby alleges as follows against defendants, R. Randy Lee ("Randy"), Eileen T. Lee ("Eileen"), Jennifer A. Lee ("Jennifer"), Michelle B. Lee ("Michelle") and Sisters, LLC ("Sisters"):

## JURISDICTION

This Court has diversity jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000 both in aggregate and per named defendant.

## VENUE

Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b) and (c) because Plaintiff resides in the State of New Jersey, and all of the Defendants reside in the State of New York, and Defendants, Jennifer and Michelle reside in New York County. All defendants are also subject to personal jurisdiction in the State of New York and conduct business in the State of New York, and/or have their address or registered principal office or business in the State of New York, and all or a substantial part of the events/defendants' fraudulent transactions and conduct giving rise to the action occurred within the Southern District of New York.

## THE PARTIES

1. Plaintiff is a citizen and resident of the State of New Jersey having her principal residence located at 154 Mountain Avenue, Warren, New Jersey.

2. Randy is a citizen and resident of the State of New York having his principal residence located at 1100 Clove Road, Apt. 8K, Staten Island, New York 10301.

3. Eileen is a citizen and resident of the State of New York having her principal residence located at 1100 Clove Road, Apt. 8K, Staten Island, New York 10301. Eileen is the wife of Randy.

4. Jennifer is a citizen and resident of the State of New York having her principal residence located at 40 W. 72nd Street, New York, NY 10023-4119. Jennifer is the daughter of Randy and Eileen.

5. Michelle is a citizen and resident of the State of New York having her principal residence located at 150 West End Avenue, Apt. 3D, New York, NY 10023-5725. Michelle is the daughter of Randy and Eileen.

6. Sisters is a New York limited liability company having its principal place of business located at 260 Christopher Lane, Staten Island, New York 10314.

7. Prior to May 21, 2006, Plaintiff entered into a series of loans which culminated in on or about May 21, 2006, Randy providing Plaintiff with a Note to evidence the indebtedness ("the 2006 Note") signed by his real estate development entity Astoria Station LLP ("Astoria Station").

8. The 2006 Note was provided to Plaintiff by Astoria Station on May 21, 2006 in the amount of $593,998.96.

9. Randy personally guaranteed the 2006 Note as the Managing Member of Astoria Station.

10. The 2006 Note provided a loan amount of $593,998.96 with interest at 12% and a default interest rate of 24%, and also provided for attorneys' fees equal to 15% of the sum due in the event Plaintiff was required to institute litigation to collect on the 2006 Note.

11. Plaintiff had previously loaned the $593,998.96 in accordance with the 2006 Note.

12. Astoria Station defaulted on the 2006 Note.

13. A second loan was entered into between Plaintiff and Randy individually on or about January 5, 2010 (the "2010 Note").

14. The 2010 Note provided a loan amount of $100,000 to Randy with interest at 12% and a default interest rate of 16%, and also provided that Plaintiff was entitled to attorneys' fees equal to 15% of the sum due in the event she needed to institute litigation to collect on the 2010 Note.

15. Plaintiff loaned the $100,000 to Randy individually on January 5, 2010.

16. Randy defaulted on the 2010 Note.

17. Plaintiff ultimately obtained a contested judgment in New Jersey Superior Court against Randy on both the 2006 Note and the 2010 Note in the amount of $1,611,243.80, plus post-judgment interest in the matter captioned Kurtin v. Lee, Docket # SOM-L-1098-10.

18. Said judgment was docketed in New Jersey as Docket # J-52179-12.

19. Said judgment was domesticated in the State of New York.

20. Following the making of the 2006 Note, Randy was fully aware he could not repay the loans to Plaintiff. Randy therefore began undertaking efforts to place his assets beyond the reach of Plaintiff in the event she instituted a legal action against him to recover on the 2006 Note and 2010 Note.

21. At the time Randy was obligated to repay the 2006 Note to Plaintiff, he had a membership interest in Sisters.

22. During the time period that Randy was contractually obligated to Plaintiff on the 2006 Note, and in fear of a potential judgment against him from Plaintiff as well as other creditors, Randy undertook an effort to fraudulently transfer certain assets and funds, including his membership interest in Sisters, to his family members, comprised of his daughters, Michelle and Jennifer, and his wife Eileen.

23. Randy fraudulently transferred his interest in Sisters and other assets belonging to him to his defendant family members with the actual intent to hinder, obstruct and delay Plaintiff's and other creditors' ability to execute against Randy's assets and interest in Sisters.

24. Randy's fraudulent transfers of these assets to his defendant family members was done without any consideration of any kind to avoid his creditors, and with the actual intent to

hinder, obstruct and delay Plaintiff's and other creditors' ability to execute against Randy's interest in Sisters and his other assets.

25. Upon information and belief, Randy's transfer of his interest in Sisters to his defendant family members, and his transfer of his monies to his defendant family members, was made for no consideration of any kind.

26. Randy's transfer of his interest in Sisters to his defendant family members, and his transfer of his monetary assets to them, rendered Randy insolvent and unable to repay creditors such as Plaintiff.

27. Having transferred his interest in Sisters to his family members, Randy then transferred, diverted and/or deposited cash into Sisters, upon information and belief, without basis or consideration, in an effort to place those cash assets beyond the reach of Plaintiff and other creditors.

28. Upon information and belief, no good faith existed in Randy's transfer of his interest in Sisters, or his transfer of monies to his defendant family members, either on the part of Randy of his individual defendant family members.

29. Upon information and belief, the transfers made by Randy to his defendant family members were made without fair consideration.

30. Additionally, despite not allegedly owning any interest in Sisters, Randy transferred assets to Sisters during his financial obligation to Plaintiff, despite the imminent entry of Plaintiff's judgment against him in the Superior Court of New Jersey upon information and belief for no consideration, and in an effort to place those assets beyond the reach of Plaintiff and other creditors.

## COUNT I

**(Fraudulent Transfers as to All Defendants -Violation of Article X of the New York Debtor & Creditor Statute, §§ 270-281)**

31. Plaintiff repeats and realleges each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

32. Randy's transfers of his ownership interests in Sisters to his daughters, upon information and belief, for zero consideration constitute fraudulent transfers under Article X of the New York Debtor and Creditor Statute.

33. Randy's transfers of Randy's personal monies to Sisters, Eileen, Jennifer and Michelle constitute fraudulent transfers under Article X of the New York Debtor and Creditor Statute.

34. Plaintiff is also entitled to attorney's fees since Randy's fraudulent transactions and transfers to his defendant family members were made with actual intent to hinder, delay and obstruct Plaintiff's ability to execute against Randy's assets as a judgment creditor.

35. As a result, Plaintiff has been and will continue to be damaged.

## COUNT II

**(Constructive Trust Pursuant to §7-1.3 of the Estates Powers and Trust Law)**

36. Plaintiff repeats and realleges each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

37. Plaintiff hereby seeks to set aside the fraudulent transfers made by Randy to all Defendants.

38. Randy's placement of his ownership interest in Sisters, in the name of Michelle and Jennifer was fraudulent, and title to Randy's original membership in Sisters should be

returned to Randy, and a constructive trust should be imposed upon those membership interests to allow Randy to satisfy the judgment held by Plaintiff.

39. Randy's transfer and diversion of his monies to Defendants during his obligation to Plaintiff were fraudulent and require imposition of a constructive trust.

40. As a result, Plaintiff has been and will continue to be damaged and requests imposition of a constructive trust upon these assets.

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

(a) compensatory, consequential and direct damages;

(b) pre-judgment and post-judgment interest;

(c) an Order transferring Randy's membership interest in Sisters that he fraudulently transferred to Michelle and Jennifer back to Randy;

(d) imposition of a constructive trust upon the membership interest in Sisters that Randy fraudulently transferred to Michelle and Jennifer;

(e) transfer back to Randy all monies Randy transferred to Eileen, Jennifer and/or Michelle and imposition of a constructive trust upon those monies;

(f) attorneys' fees and court costs; and

(g) any other relief the Court deems equitable and proper.

**BRACH EICHLER L.L.C.**
Attorneys for Plaintiff, Jane Kurtin

By: ______________________________
DAVID J. KLEIN, ESQ.

DATED: June 7, 2012